In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00130-CR


______________________________




ISAIAH HOLLINS, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 4th Judicial District Court


Rusk County, Texas


Trial Court No. CR03-268




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Isaiah Hollins, Jr., appellant, has filed with this Court a motion to dismiss his appeal. The
motion is signed by Hollins and by his counsel in compliance with Tex. R. App. P. 42.2(a). As
authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 2, 2006

Date Decided: October 3, 2006


Do Not Publish



ception Locked="false" Priority="9" QFormat="true" Name="heading 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00084-CR

                                                ______________________________

 

 

                             MICHELLE LEIGH WHORTON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County
Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 11340

 

                                                                        
                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            After a jury found Michelle Leigh Whorton guilty of DWI, she was sentenced to serve 180 days
in county jail and was ordered to pay a $2,000.00 fine.  This sentence was suspended, and Whorton was placed on community supervision for a period of
two years.  Whorton
appeals her misdemeanor DWI conviction on the grounds that it is supported by
insufficient evidence, and because the trial court allegedly violated her right
to be confronted with the witnesses against her.  We affirm the trial courts judgment because
sufficient evidence supports the DWI conviction, and Whorton
did not preserve the confrontation clause point of error. 

I.          Sufficient
Evidence Supports the Judgment  

            A.        Standard of Review 

            In evaluating the legal sufficiency
of the evidence supporting Whortons DWI conviction,
we review all the evidence in the light most favorable to the verdict to
determine whether any rational fact-finder could have found the essential
elements of DWI beyond a reasonable doubt.  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319
(1979)); Hartsfield v. State, 305
S.W.3d 859, 863 (Tex. App.Texarkana 2010, pet. refd)
(citing Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007)).  Our
rigorous legal sufficiency review focuses on the quality of the evidence
presented.  Brooks, 323 S.W.3d at 917 (Cochran, J., concurring).  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson,
443 U.S. at 31819).

            Legal sufficiency of the evidence is
measured by the elements of the offense as defined by a hypothetically correct
jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see Grotti v.
State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); see also Vega v. State, 267 S.W.3d 912, 916 (Tex. Crim. App.
2008).  Under the hypothetically correct
jury charge, Whorton committed the offense of DWI if
(1) she (2) operated (3) a motor vehicle (4) in a public place (5) while
intoxicated.  Tex. Penal Code Ann. § 49.04 (West Supp. 2011).  Whorton challenges
the second and fifth elements.  She also
complains that no testimony was given which would place [her] driving
erratically in Franklin, County, Texas. 


            B.        Venue Is Presumed 

            Whorton
argues that the State failed to prove the charged offense occurred in Franklin
County.  Venue is not an element of the
offense.  Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel
Op.] 1981); State v. Blankenship, 170
S.W.3d 676, 681 (Tex. App.Austin 2005, pet. refd).  Thus, venue must be proved by only a
preponderance of the evidence and is not required to be proved beyond a
reasonable doubt.  See Tex. Code Crim. Proc.
Ann. art. 13.17 (West 2005); Murphy
v. State, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003).  Typically, when reviewing venue, we view all
of the evidence in the light most favorable to an affirmative venue finding and
ask whether any rational trier of fact could have
found by a preponderance of the evidence that venue was proved. Vanschoyck v. State, 189 S.W.3d 333, 336 (Tex.
App.Texarkana 2006, pet. refd).

            However, under Rule 44.2 of the
Texas Rules of Appellate Procedure, we presume venue has been proven in the
trial court unless either the record affirmatively shows otherwise or if venue
was disputed in the trial court.  Tex. R. App. P. 44.2(c)(1).  A plea of not guilty is not sufficient to
dispute venue in the trial court.  Holdridge v. State, 707 S.W.2d 18, 2021 (Tex.
Crim. App. 1986).  Our review of the
record revealed no challenge to venue made by Whorton.  Therefore, the issue is presumed proven at
trial unless the record affirmatively shows otherwise.  Tex.
R. App. P. 44.2(c)(1).

            Here, John Stuart Richey testified
he was driving toward Franklin County on Highway 67 when he noticed a small
silver Dodge passenger car occupied by one person erratically pulling out of
an establishment.  While Richey saw the
Franklin County sign, he did not follow the vehicle into Franklin County.  Officer Teresa Stinson testified she found a
vehicle that matched the description of the reckless-driver call inside
Franklin County.  Trooper Dwayne Eugene
Smith received a call . . . that there was an erratic driver coming into
Franklin County or in Franklin County.  Whorton was arrested inside of Franklin County. 

            Venue for DWI lies in the county
where the offense occurred.  See Tex.
Code Crim. Proc. Ann. art. 13.18 (West 2005).  If the offense occurred in more than one
county, venue lies in any county where a portion of the offense occurred.  See
Wood v. State, 573 S.W.2d 207, 210-11 (Tex. Crim. App. [Panel Op.]
1978).  If the offense occurred on the
boundary of two counties or within 400 yards of the boundary, the offense may
be prosecuted in either county.  See Tex.
Code Crim. Proc. Ann. art. 13.04 (West 2005).  The evidence does not affirmatively show that
the offense occurred outside of Franklin County.  Therefore, the presumption that venue has
been proven carries.  We overrule this
point of error. 

C.        Testimony Was Sufficient to Show Whorton
Operated a Car While Intoxicated 

 

            We find the evidence sufficient to
demonstrate that Whorton was intoxicated and was
operating a vehicle.  Richey, a concerned
motorist, testified that he saw the Dodge spe[e]d
up, and thats when everything started getting a little worse, going all over
the road.  He watched the car pull over
and get back on the highway where I could make an approach on it.  He remembered that another vehicle had to
swerve to evade the erratically driven Dodge. 
Richey testified his wife called the police.  While he could not specifically identify the
driver of the Dodge, Richey observed that the driver was a Caucasian female.   

            Stinson testified Whortons car was parked on the side of the road, flashers
on.  Whorton
told Stinson that her car was messing up on her.  Whorton admitted to
Smith, the arresting officer, that she had been driving the vehicle, but again
stated she was having car trouble.  Smith
testified, I noticed that her speech seemed slurred and thick-tongued while I
was speaking with her.  Also, while she
was sitting in the passenger seat, I really focused in on her eyes.  And I noticed that her pupils were extremely
constricted. 

            Whorton
first denied, but later admitted, that she had ingested medication.  Smith conducted a horizontal gaze nystagmus test, which resulted in the presence of two out
of six clues of intoxication.  The
vertical gaze nystagmus test, which is only seen in
a subject that . . . has a high amount or a high dose for that particular
individual, whether its alcohol or drugs, was positive.  Smith recovered the hydrocodone
from Whortons car. 
In the video recording of the arrest, Whorton
asked the officer to locate her cell phone, even though it was in her
pocket.  She was arrested for DWI.  On the way to the jail, she admitted she had
also taken an alprazolam which is a C.N.S.
depressant, benzodiazepine, and some unknown pill on the day of her arrest,
and a muscle relaxer the night before.  

            Whorton
underwent further field sobriety testing after her transport to jail.  Re-administration of the horizontal gaze nystagmus test revealed all six clues of intoxication.  She was only able to complete seventeen
seconds on one foot and eighteen seconds on the other foot when asked to
perform the thirty-second one-legged stand test.  Smith visually observed her legs having leg
tremors as she stood there.  Whorton did not perform well on the walk-and-turn test as
she lean[ed] off to the side, raised her arms more
than twelve inches from her side, trying to maintain her balance[,] . . .
couldnt keep balance during the instructions, . . . [a]nd she turned in an improper manner.  Smith noticed Whorton
ha[d] a one-inch circular sway.  Also, Whorton could not touch the tip of her nose during the
finger-to-nose test.  Smith testified
that she was intoxicated and did not have the use of her mental and physical
faculties.  

            Whortons employer testified he notice[d] that
something was wrong with Whorton on the day of her
arrest.  He observed her slurring her
speech at work.  He testified she was
fired that day because it appeared the situation had gotten worse which my
thought was that there was, probably, something else taken to make it
worse.  

            Richey saw a small silver Dodge
driven erratically by a single Caucasian female on highway 67.  Stinson received the concerned citizen phone
call and located a car compatible with the vehicle and driver description in
the general area.  Smith arrived,
conducted field sobriety testing, and concluded that Whorton
was intoxicated.  She admitted to driving
the vehicle and ingesting several medications, which Smith believed had
impaired her mental and physical faculties. 
This evidence was sufficient for a rational jury to find the elements of
DWI beyond a reasonable doubt.  

            However, Whorton
testified during the guilt/innocence phase that her driving may have appeared
erratic because she was experiencing car trouble, that she was not intoxicated,
and that the vehicle was repaired after her arrest.  As the sole judge of credibility, the jury
was free to discount Whortons testimony.[1]  We find the evidence sufficient and overrule
this point of error. 

II.        Confrontation
Clause Issue Was Not Preserved

            In all criminal prosecutions, the
accused shall enjoy the right to . . . be confronted with the witnesses against
him.  U.S.
Const. amend. VI; see also Tex. Const. art. I, § 10. 
The admission of a testimonial, out-of-court statement from a declarant who does not appear at trial violates the
Confrontation Clause unless the declarant was
unavailable to testify at trial and the defendant had a prior opportunity for
cross-examination.  Davis v. Washington, 547 U.S. 813, 821 (2006); Crawford v. Washington, 541 U.S. 36, 68 (2004).  Whorton
complains that she was not allowed to confront the witnesses against her
because Richeys wife, who made the concerned citizen phone call, did not
testify at trial.  

            Preservation of error is a systemic
requirement that this Court reviews on its own motion.  Archie
v. State, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007).  Preservation requirements apply to
confrontation clause complaints.  See Reyna v. State, 168 S.W.3d 173,
17980 (Tex. Crim. App. 2005); Paredes v. State,
129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (overruling appellants
constitutional confrontation clause points because he did not preserve error
related to Confrontation Clause at trial); Toliver v. State, 279 S.W.3d 391, 402 (Tex. App.Texarkana 2009, pet. refd); Campos v.
State, 186 S.W.3d 93, 98 (Tex. App.Houston [1st Dist.] 2005, no pet.)
(explaining that right of confrontation is vital to an ordered criminal
justice system, but it is nonetheless a trial right, and a defendant waives his
right to confront witnesses if he does not object at trial); Courson v. State, 160 S.W.3d 125, 129 (Tex.
App.Fort Worth 2005, no pet.).

            Our review of the record reveals Whortons failure to preserve her confrontation clause
complaint.  As such, Whorton
did not meet the requirements of Texas Rule of Appellate Procedure 33.1, and
her last point of error is overruled.[2]  See
Tex. R. App. P. 33.1.

III.       Conclusion


            We affirm the trial courts
judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          December 5, 2011

Date
Decided:             December 9, 2011

 

Do Not
Publish











[1]Whorton also attempts to challenge the discrepancy of the
chronology and timing in her employers testimony.  These were matters for the jury to resolve. 





[2]We
point out that Richeys wife, Charlotte, was not subpoenaed by Whortons counsel. 
Moreover, she was present in the courtroom during trial.