Gilbert Garcia CAMPOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00601–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 2005.

Dionne S. Press, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

A jury convicted appellant, Gilbert Garcia Campos, of robbery and assessed punishment at 47 years' confinement. Appellant pled true to the enhancement paragraphs in the indictment. In four points of error, appellant contends the trial court improperly admitted four out-of-court statements into evidence as excited utterances, which he claims violated both (1) the Confrontation Clause of the Sixth Amendment to the United States Constitution and (2) the Texas Rules of Evidence. We affirm.

## BACKGROUND

On July 14, 2003, appellant bound, gagged, and robbed the complainant at an apartment complex in Harris County, Texas.[1] Approximately 30 minutes after appellant left the apartment, the complainant freed herself and walked to the apartment of her neighbor, Paul Carrizales, to ask for help. At this time, the complainant was still partially bound and visibly upset. While at Carrizales's apartment, the complainant described the attack to Carrizales and called 911. Approximately 13 minutes after the complainant entered Carrizales's apartment, or five minutes after the complainant called 911, Houston Police Officers Pool and Barringer responded to the call and questioned the complainant. The officers found and arrested appellant later that evening.

At trial, the complainant did not testify.[2] The State first called Carrizales, who testified as to the authenticity of the 911 tape. Appellant objected to the admission of the 911 tape on the grounds that it was hearsay and that it violated the Sixth Amendment's Confrontation Clause. The trial judge admitted the 911 tape as an excited utterance and ruled that it did not violate the Sixth Amendment. Both the complainant's and Carrizales's voices are recorded on the 911 tape. During the first few seconds of the call, the complainant says, "Hello? ... Yes, ma'am. I ... I

---

1. Appellant was the complainant's boyfriend, and it is unclear whether he broke into the apartment or was let in by the complainant. Appellant's purpose in committing the robbery was to steal $400 and the complainant's van.

2. The complainant was appellant's girlfriend, and she reunited with him after he was charged, at which time she stopped cooperating with the State.

... can you help me? [Inaudible]. He can talk to you, cause I'm nervous." After that, Carrizales began speaking with the 911 operator and answering her questions.

Carrizales also testified as to the complainant's statements made to him detailing the attack. Appellant objected only on hearsay grounds to Carrizales's testimony. The trial court also overruled this objection. The State then called Officers Barringer and Pool, whose testimony related the complainant's responses to their questions regarding the attack. Appellant objected to the testimony of both officers on hearsay grounds only, and the trial court overruled those hearsay objections, holding that the statements made by the complainant to the officers were admissible as excited utterances. *See* TEX.R. EVID. 803(2). We address each admitted statement under the Confrontation Clause challenge first and the hearsay challenge second.

## CONFRONTATION CLAUSE

In appellant's four points of error, he contends that the out-of-court statements admitted by the trial court violate his Sixth Amendment right to confront the witnesses against him. In deciding the constitutional issue of whether the admission of a statement of another violates a defendant's Sixth Amendment confrontation right, appellate courts review the trial court's ruling *de novo. See Lilly v. Virginia,* 527 U.S. 116, 137, 119 S.Ct. 1887, 1900, 144 L.Ed.2d 117 (1999) (stating that courts should "independently review" whether out-of-court statements violate the Confrontation Clause); *Muttoni v. State,* 25 S.W.3d 300, 304 (Tex.App.-Austin 2000, no pet.).

The Confrontation Clause of the Sixth Amendment to the United States Constitution states "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. This right applies to state as well as federal criminal prosecutions. *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (1965). The Supreme Court recently interpreted the Confrontation Clause to "demand" that out-of-court testimonial statements by witnesses are barred unless (1) the witnesses are unavailable to testify and (2) defendants had a prior opportunity to cross examine the witnesses regardless of whether such statements are deemed reliable by the court. *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). The Supreme Court in *Crawford* declined to give a comprehensive definition of testimonial hearsay; however, the court did state that the term applies "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and [responses] to police interrogations." *Id.* When the Court in *Crawford* discussed the applicability of the Confrontation Clause to police interrogations, it expressly stated that it was using the term "interrogation" in the colloquial sense rather than the legal sense. *Id.* 541 U.S. at 53 n. 4, 124 S.Ct. at 1365 n. 4.

### The 911 Tape

In his first point of error, appellant contends that the admission of the 911 tape into evidence violates the Confrontation Clause under the Sixth Amendment to the United States Constitution. Specifically, appellant complains of two sets of statements on the tape: those made by the complainant to the operator and those made by the complainant to Carrizales, which he later recounted to the operator. Under the two-part *Crawford* test, because the complainant was not available to testify, and because appellant did not have a prior opportunity to cross-examine her, the

controlling issue we decide is whether the statements made by the complainant and Carrizales on the 911 tape were testimonial.

■ We first address those statements made by the complainant to the 911 operator. On the 911 tape, the complainant can be heard saying, "Hello?... Yes, ma'am. I...I... can you help me? [Inaudible]. He can talk to you, cause I'm nervous." *Crawford* states there are a "core class of 'testimonial' statements": (1) ex parte in-court testimony, (2) affidavits, (3) depositions, (4) confessions, (5) custodial examinations, and (6) statements made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id.* 541 U.S. at 51–52, 124 S.Ct. at 1364. Apart from the two questions the complainant makes, her only statement was that she was nervous. Under any reading of *Crawford*, the complainant's statements simply cannot be considered testimonial. We find that the trial court did not err in admitting this part of the 911 tape.

Next, we must address those statements made by Carrizales in response to the 911 operator's questioning. The majority of Carrizales's statements were responses to questions as to what had occurred, whether the complainant required medical attention, and how the police could reach the complainant. Appellant complains specifically about those statements made by complainant to Carrizales, which he later recounted to the 911 operator. Thus, we must address the *Crawford* challenge at two levels: (1) the statements made by complainant to Carrizales and (2) Carrizales recounting of that information to the operator.

■ We first address those statements made by complainant to Carrizales. Testimonial statements include those "that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* 541 U.S. at 52, 124 S.Ct. at 1364. The complainant sought the assistance of Carrizales, a helping neighbor, in the middle of the night. We cannot conclude that when complainant knocked on Carrizales's door at 3:00 a.m. in a frantic state and relayed any information to him, that she reasonably expected her statements to be used at a later trial. We hold that the statements of the complainant to Carrizales were not testimonial; thus, *Crawford* does not apply.

■ Next, we must address Carrizales's recounting of the events of that night to the 911 operator. *Crawford* bars the admission of out-of-court testimonial statements unless (1) the witnesses are unavailable to testify and (2) defendants had a prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by the court. *Id.* 541 U.S. at 68, 124 S.Ct. at 1374. Regardless of whether his statements were testimonial, Carrizales was available to testify at trial; thus, *Crawford*'s bar does not apply to any statements that Carrizales made to the 911 operator recounting the events of that night. Accordingly, the trial court did not err in admitting this portion of the 911 tape.

## Carrizales's Testimony

■ In his second point of error, appellant contends that the admission of Carrizales's testimony violates the Confrontation Clause under the Sixth Amendment to the United States Constitution because it allowed the complainant's out-of-court statements to be admitted without appellant having an opportunity to confront her in court. However, because appellant ob-

jected only to Carrizales's testimony on hearsay grounds, and not constitutional grounds, he did not preserve this argument on appeal. *Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App.2004); *see Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim.App.1990); *see Thacker v. State*, 999 S.W.2d 56, 60–61 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

■ Hearsay objections and objections to violations of the Confrontation Clause are neither synonymous, nor necessarily coextensive. *Holland v. State*, 802 S.W.2d 696, 700 (Tex.Crim.App.1991); *Thacker*, 999 S.W.2d at 61; *Tapia v. State*, 933 S.W.2d 631, 633 (Tex.App.-Dallas 1996, writ ref'd). The right of confrontation is vital to an ordered criminal justice system, but it is nonetheless a trial right, and a defendant waives his right to confront witnesses if he does not object at trial. *Briggs*, 789 S.W.2d at 924; *Thacker*, 999 S.W.2d at 61; *Saldivar v. State*, 980 S.W.2d 475, 496 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd); *see Mallory v. State*, 752 S.W.2d 566, 569 (Tex.Crim.App. 1988). Because appellant did not object to Carrizales's testimony on Sixth Amendment grounds at trial, he waived review of that claim on appeal.

### Officer Barringer's and Officer Pool's testimony

■ In his third and fourth points of error, appellant claims that the admission of Officer Barringer's and Officer Pool's testimony into evidence violated the Confrontation Clause under the Sixth Amendment to the United States Constitution. Because appellant objected only to Barringer's and Pool's testimony on hearsay grounds and not Sixth Amendment grounds, he has waived his Sixth Amendment challenge on appeal. *See Briggs*, 789 S.W.2d at 924; *see Thacker*, 999 S.W.2d at 61; *see Saldivar*, 980 S.W.2d at 496.

Accordingly, we overrule appellant's confrontation clause challenges to the four out-of-court statements.

### EXCITED UTTERANCE

Appellant next asserts that the trial court violated the Texas Rules of Evidence in admitting the four out-of-court statements because they constitute inadmissible hearsay. The State responds by arguing that these statements are admissible under the excited utterance exception to the hearsay exclusion. *See* TEX.R. EVID. 803(2).

■ The admissibility of out-of-court statements allowed under a hearsay exception is delegated to the trial court's discretion, and the trial court's decision to admit such statements should be reversed only upon a showing of a clear abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex.Crim.App.2003); *Lawton v. State*, 913 S.W.2d 542, 553–54 (Tex.Crim.App.1995); *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim.App.1994). An abuse of discretion occurs "when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

[12, 13] Statements that qualify as hearsay are inadmissible at trial unless an applicable exclusion applies. TEX.R. EVID. 802. An excited utterance is one such exclusion, defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX.R. EVID. 803(2); *Salazar v. State*, 38 S.W.3d 141, 154 (Tex.Crim.App. 2001). In determining whether a hearsay statement is admissible as an excited utterance, the court may look at the time that elapsed between the event and the statement, as well as whether the state-

ment was in response to a question; however, neither of those two factors is dispositive. *See Lawton,* 913 S.W.2d at 553; *Penry v. State,* 903 S.W.2d 715, 750–51 (Tex.Crim.App.1995). The critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, fear, excitement, or pain of the event at the time of the statement. *Zuliani,* 97 S.W.3d at 596.

## 911 Tape

■ In addition to the confrontation clause challenge, appellant contends that, even if the admission of the tape did not violate the Sixth Amendment, it is inadmissible under the Texas Rules of Evidence because it does not constitute an excited utterance. *See* Tex.R. Evid. 803(2). We disagree.

The admission of out-of-court statements is reviewed for abuse of discretion, and the trial court's decision will not be reversed unless it falls outside the zone of reasonable disagreement. *Zuliani,* 97 S.W.3d at 595; *Cantu,* 842 S.W.2d at 682. The critical factor in determining whether a statement is an excited utterance is whether the declarant was dominated by the emotions of the event at the time of the statement. *Zuliani,* 97 S.W.3d at 596.

Here, the tape establishes that the complainant was upset and nervous when she spoke with the operator. Given the complainant's shaken and excited demeanor, reasonable people could disagree about whether the complainant was still dominated by the emotions of her attack when she made the statements on the tape. *See id.* at 595–96; *see Cantu,* 842 S.W.2d at 682. Therefore, we hold that the trial court did not abuse its discretion by admitting the 911 tape into evidence as an excited utterance. *See* Tex.R. Evid. 803(2).

## Carrizales's Testimony

■ In his second point of error, appellant contends that the admission of Carrizales's testimony of complainant's statements as an excited utterance violated the Texas Rules of Evidence. Under the applicable abuse-of-discretion standard, the trial court's decision will not be reversed unless it falls outside the zone about which reasonable people might disagree. *Zuliani,* 97 S.W.3d at 595; *Cantu,* 842 S.W.2d at 682. In this instance, Carrizales testified that, when the complainant came to his apartment, she was crying and still partially bound by the wire used by her attacker, and seemed "pretty upset." Approximately 30 minutes had passed between the time the complainant's attacker left her apartment and the time that she made her statements to Carrizales; time lapse is only one factor in determining whether a statement constitutes an excited utterance. *Salazar,* 38 S.W.3d at 154. The primary consideration is whether the complainant was still dominated by the emotions of the event. *Zuliani,* 97 S.W.3d at 596. Here, considering the complainant's shaken and excited demeanor when she spoke with Carrizales, reasonable people could conclude that the complainant was dominated by the emotions of the event when speaking with Carrizales. *See id.* at 595–96; *see Cantu,* 842 S.W.2d at 682. Therefore, we hold that the trial court did not abuse its discretion by admitting into evidence Carrizales's testimony regarding complainant's excited utterance. *See* Tex.R. Evid. 803(2).

## Officer Barringer's and Officer Pool's testimony

■ In his third and fourth points of error, appellant claims that the admission of Officer Barringer's and Officer Pool's testimony into evidence violated the Texas Rules of Evidence. Specifically, appellant

contends that Barringer's and Pool's testimony depicting the complainant's response to the officers' questioning about the event was inadmissible hearsay because it did not constitute an excited utterance.

For the same reasons that the complainant's statements to Carrizales qualified as excited utterances, the complainant's statements to Officers Pool and Barringer similarly qualify as excited utterances. Although 13 minutes had lapsed between the officers' conversations with the complainant compared to Carrizales's conversation with the complainant, this time lapse is only one factor in determining whether the complainant was still dominated by the fear of the event. *See Lawton*, 913 S.W.2d at 553. In addition to the time factor, the trial court should have considered that these statements to the officers were made in response to questioning. *Id.* However, neither of these factors is conclusive. *Id.* The officers' testimony that the complainant was crying, upset, and frightened when speaking with the officers suggest the complainant was still dominated by the emotions of the event. *See Zuliani*, 97 S.W.3d at 595–96. Therefore, we hold that the trial court did not abuse its discretion by admitting the officers' testimony into evidence regarding the complainant's excited utterance. *See* TEX.R. EVID. 803(2).

Accordingly, we overrule appellant's hearsay challenges to the four out-of-court statements.

## CONCLUSION

We affirm the judgment of the trial court.