Opinion issued October 24, 2007 












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00230-CR






VICTOR LAMONT MIMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 1002703






O P I N I O N


 We withdraw our previous opinion and judgment dated July 12, 2007 and issue
the following opinion in its stead. See Tex. R. App. P. 50. 

 Appellant, Victor Lamont Mims, appeals from a jury verdict that found him
guilty of murder. See Tex. Pen. Code Ann. § 19.02(b) (Vernon 2003). After the jury
found him guilty as charged in the indictment, the trial court assessed his punishment
at life imprisonment. In two points of error, appellant argues that the trial court erred
by admitting hearsay testimony and that his constitutional rights to cross-examination
and confrontation were violated.

 We affirm.

Background


 In the early morning of September 1, 2004, the decedent, Alonzo Moten,
knocked on his friend, Harold Shephard's, door. Shephard testified that Moten came
to his house early in the morning and appeared "scared and weird." Shephard
testified that Moten said that he did not want anybody to know he was at Shephard's
house and that he had parked his car in the back of Shephard's house by a church. 
Moten told Shephard that appellant had been bumping his car and that the bumping
of his car had caused him to hit a post. Moten said he was afraid because appellant
was chasing him. 

 Appellant arrived at Shephard's house 20 or 30 minutes after Moten. Shephard
testified that, when appellant knocked on the door, Moten ran into the back room and
told Shephard to tell appellant he was not there, which Shephard did. A little while
later, Moten gave a police report of a "hit and run" at 9455 West Montgomery, the
north division police station of the Houston Police Department. After giving the
report, Moten drove away. 

 Later, during the early morning of September 1, 2004, Jermome Davis, who
was tending to his horses in northwest Houston, heard gunshots. After he heard a
second gunshot, he went in the direction of the gunfire. Davis testified that he
observed a man crouching behind a truck who was holding a pistol and firing into the
intersection. Davis thought the shooter was firing in the direction of a light-colored
car approaching the truck from the east. After the shooting stopped, the car veered
off the road. Davis called 911, and police came to the scene. 

 Moten, who had been driving the car that had been shot, was taken to a hospital
by medical personnel, where he later died. Dr. Ana Lopez, an assistant medical
examiner with the Harris County Medical Examiner's Office, determined that Moten
died from gunshot wounds to his head. Based on the description received from Davis
and information received from Crimestoppers, police obtained a warrant for
appellant's arrest. Appellant was later apprehended in Oklahoma. 

Admission of Evidence


 In his first point of error, appellant argues that the trial court erred by admitting
testimony of Moten, through the testimony of a witness, Shephard. Appellant argues
that the testimony of Moten was testimonial and that its admission was harmful to
appellant's defensive theory of self defense. Appellant also argues that his
constitutional right to confrontation of the witness was violated. Appellant further
argues that the testimony was hearsay. The State argues that Moten's testimony was
not testimonial for purposes of Crawford v. Washington. See 541 U.S. 36, 124 S. Ct.
1354 (2004). 

 Prior to calling Shephard, the State had the following exchange with the trial
court:

 State: The State is going to be calling Harold Shephard, Your
Honor, who I anticipate is going to testify that around 4:00
in the morning on September 1, 2004, Alonzo Moten, who
is his friend and acquaintance, came to his back door upset
and afraid. He told Harold Shephard that [appellant], who
they both know, was chasing him, that [appellant] had
bumped his car causing Alonzo to wreck it, that he had
hidden his car at a church, which is behind Harold
Shephard's house, asking Mr. Shephard not to tell
[appellant] that he was there. 


 Court: [Defense counsel], you may proceed on your objection.

 Defense: Judge, for purposes of the record, would the Court and would the
State agree that this evidence is being offered by the State under
the auspices of Rule 803(1), what is called the present-sense
impression exception to the hearsay rule. Is that fair to say?


 Court: Mr. Trent?

 State: Yes, Your Honor.

 Defense: Judge, that having been said, the Defense would object on
several grounds. Number one, that the proffered testimony
by Mr. Shephard would violate the hearsay rule under Rule
802 of the Texas Rules of Evidence, that the proffered
testimony of Mr. Shephard would violate the Texas
Constitution, Article I, Section 10, right to confrontation by
the accused, since we will not be able to cross-examine the
declarant.


 The defense would also object that the pro[ffered]
testimony of Mr. Shephard is a violation of [appellant's]
constitutional right of confrontation and cross-examination
under the 6th Amendment to the U.S. Constitution as set
forth in what is the similar case of Crawford v.
Washington.


 Lastly, the Defense would object that the proffered
testimony of Mr. Shephard violates Rule 803, that being
the hearsay [exemption] under which the State is proffering
this testimony, 803(1), what is commonly called the
present-sense impression exception to the hearsay rule. 
Amongst other things, outside the statement itself, there is
no evidence that Mr. Moten perceived the event or
condition. And those are our objections, Your Honor. 


 . . .

 Court: And based upon those cases, the Court, at this time,
overrules your objections. Also you'll have a running
objection, if you want one, to this testimony.


 After the court's ruling, Shephard testified that Moten came to his house early
in the morning and appeared scared, weird, and paranoid. Moten parked his car in the
back by a church and said that he did not want anybody to know that he was at
Shephard's house. Moten also said that appellant had been bumping his car and that
the bumping of his car caused him to hit a post. Moten said that he was afraid
because appellant was chasing him. Appellant arrived at Shephard's house 20 or 30
minutes after Moten. Shephard testified that when appellant knocked on the door
Moten ran into the back room and told Shephard to tell appellant that Moten was not
there. 

 Standard of Review

 We review a trial court's decision on the admissibility of evidence under an
abuse of discretion standard of review. See Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000). An abuse of discretion occurs where a trial court's decision
lies outside the zone of reasonable disagreement. See Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990). In determining whether a trial court has
abused its discretion, we consider whether the court acted arbitrarily or unreasonably
or without reference to guiding rules or principles. Id. at 380.

 Confrontation Clause

 Appellant first argues that the trial court erred by admitting the evidence
because it violated his Sixth Amendment right to confront the witnesses against him.
See U.S. Const. amend VI. In deciding the constitutional issue of whether the
admission of a statement of another violates a defendant's Sixth Amendment
confrontation right, appellate courts review the trial court's ruling de novo. See Lilly
v. Virginia, 527 U.S. 116, 137, 119 S. Ct. 1887, 1900 (1999) (stating that courts
should "independently review" whether out-of-court statements violate the
Confrontation Clause); Muttoni v. State, 25 S.W.3d 300, 304 (Tex. App.--Austin
2000, no pet.).

 The Confrontation Clause of the Sixth Amendment to the United States
Constitution states "[i]n all criminal prosecutions, the accused shall enjoy the right
. . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This
right applies to state as well as federal criminal prosecutions. Pointer v. Texas, 380
U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965). The Supreme Court has interpreted the
Confrontation Clause to "demand" that out-of-court "testimonial" statements by a
witness are barred unless (1) the witness is unavailable to testify and (2) the
defendant had a prior opportunity to cross examine the witness, regardless of whether
the statements are deemed reliable by the court. Crawford v. Washington, 541 U.S.
36, 68, 124 S. Ct. 1354, 1374 (2004). The Supreme Court in Crawford declined to
give a comprehensive definition of testimonial statements; however, the Court did
state that the term applies "at a minimum to prior testimony at a preliminary hearing,
before a grand jury, or at a former trial; and [responses] to police interrogations." Id. 
When the Court in Crawford discussed the applicability of the Confrontation Clause
to police interrogations, it expressly stated that it was using the term "interrogation"
in the colloquial sense rather than the legal sense. (1) Id. at 53 n.4, 124 S. Ct. at 1365
n.4.

 Appellant argues that the statements made by Moten to Shephard constitute
testimonial evidence. However, besides asserting, "Obviously, the testimony of the
complainant, by and through Harold Shephard, was testimonial," appellant does not
state why the evidence was testimonial. 

 Crawford states there are a "core class of 'testimonial' statements": (1) ex
parte in-court testimony, (2) affidavits, (3) depositions, (4) confessions, (5) custodial
examinations, and (6) statements made under circumstances that would lead an
objective witness reasonably to believe that the statement would be available for use
at a later trial. Id. at 51-52, 124 S. Ct. at 1364. In Campos v. State, we held that
statements made by the complainant to a neighbor in the middle of the night were not
statements that the complainant would reasonably expect would be used at a later
trial. See 186 S.W.3d 93, 97 (Tex. App.--Houston [1st Dist.] 2005, no pet.). For the
same reason, we cannot conclude that, when Moten told Shephard (1) that he parked
his car behind the church, (2) that appellant was chasing him, and (3) that Moten
requested that Shephard not tell appellant where he was, Moten would have
reasonably expected the statements to be used at a later trial. See id.; see also King
v. State, 189 S.W.3d 347, 359 (Tex. App.--Fort Worth, 2006, no pet.) (holding that
statements were not testimonial because statements were not made to police officer
or court official but instead were made to friends in course of conversations about
how victim had purportedly died and about disposing of victim's body). 

 After reviewing Shephard's testimony which the trial court admitted, we
conclude that the testimony does not fall within any of the classes of testimonial
statements listed in Crawford. We therefore conclude that the trial court did not
violate appellant's constitutional right to confrontation and cross-examination by
allowing Shephard to testify about his conversations with Moten. (2)

 Improper Hearsay

 Appellant next argues that Shephard's testimony should have been excluded
because it was improper hearsay. See Tex. R. Evid. 802. The State responds that the
statements were admissible as an exception to the hearsay rule.

 The admissibility of out-of-court statements allowed under a hearsay exception
is delegated to the trial court's discretion, and the trial court's decision to admit such
statements should be reversed only upon a showing of a clear abuse of discretion. 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An abuse of discretion
occurs "when the trial judge's decision was so clearly wrong as to lie outside that
zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992).

 Statements that qualify as hearsay are inadmissible at trial unless a statute or
an exclusion in the Texas Rules of Evidence applies. See Tex. R. Evid. 802. The
State argues that the testimony was admissible as an excited utterance, (3) which is an
exception to the hearsay rule. See Tex. R. Evid. 803(2). An excited utterance is
defined as a "statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition." Tex.
R. Evid. 803(2); Salazar v. State, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). In
determining whether a hearsay statement is admissible as an excited utterance, the
court may look at the time that elapsed between the event and the statement, as well
as whether the statement was in response to a question; however, neither of those two
factors is dispositive. See Lawton v. State, 913 S.W.2d 542, 553 (Tex. Crim. App.
1995); Penry v. State, 903 S.W.2d 715, 750-51 (Tex. Crim. App. 1995). The critical
factor in determining whether a statement is an excited utterance is whether the
declarant was still dominated by the emotions, fear, excitement, or pain of the event
at the time of the statement. Zuliani, 97 S.W.3d at 596.

 Here, Shephard's testimony recounting his observations of Moten shows that
Moten was still dominated by the emotions of being chased and "bumped" by
appellant, when Moten arrived at Shepherd's home at 4 a.m. on September 1, 2004.
Moten acted scared, weird, and paranoid. He told Shephard that appellant was
chasing him and had been bumping his car. When appellant came to Shephard's
house 30 minutes after Moten arrived, Moten ran into a back room and told Shepherd
to tell appellant he was not there. Based on Moten's emotional state, reasonable
people could disagree about whether he was still dominated by the emotions of his
previous encounters with appellant when he made the statements to Shepherd. See
Zuliana, 97 S.W.3d at 595-96; Campos, 186 S.W.3d at 99. Therefore, we conclude
that the trial court did not abuse its discretion in admitting Shephard's testimony.

 We overrule appellant's first point of error.

Hearsay Testimony


 In his second point of error, appellant argues that the trial court erred in
admitting hearsay testimony because the testimony was not consistent with witness
accounts and was therefore hearsay. Appellant objected to the following exchange
between the State and Officer Scales of the Houston Police Department:

 State: Was the version that [appellant] gave you consistent with
witness statements that you had gotten to that point?


 Scales: Correct.

 Defense: I object to the speculation. It calls for hearsay and
comparison between hearsay statements.


 Court: You talked to the witnesses? Had you yourself talked to
the witness?


 Scales: Yes.

 Court: You may proceed.

 State: Was the version that [appellant] gave you on October 2,
2004, of being involved in a chase and then pulling over
and having to shoot because he had no choice, was that
consistent with the witness accounts you had been given at
that point?


 Defense: Excuse me. I would like to make a hearsay objection and
get a ruling on that.


 Court: Overruled.

 Scales: No. 

 At trial, appellant neither identified which statement he was objecting to as
hearsay, nor did he explain to the trial court how the statement, if any, was hearsay. 
See Tex. R. App. P. 33.1(a)(1)(A). (4) On appeal, appellant also does not specifically
identify which statement he believes is inadmissible hearsay. Appellant also does not
cite any authority, other than the hearsay rule, that the trial court admitted a statement
that was hearsay. Accordingly, we conclude that appellant has waived his complaint. 
See Tex. R. App. 33.1(a)(1)(A), 38.1(h). 

 We overrule appellant's second point of error.

Conclusion


 We affirm the judgment of the trial court.

 




 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).
1. Subsequently, the Supreme Court clarified the meaning of "testimonial" with respect
to police interrogations as follows:

 Without attempting to produce an exhaustive classification of all
conceivable statements--or even all conceivable statements in response to
police interrogation--as either testimonial or nontestimonial, it suffices to
decide the present cases to hold as follows: Statements are nontestimonial
when made in the course of police interrogation under circumstances
objectively indicating that the primary purpose of the interrogation is to enable
police assistance to meet an ongoing emergency. They are testimonial when
the circumstances objectively indicate that there is no such ongoing
emergency, and that the primary purpose of the interrogation is to establish or
prove past events potentially relevant to later criminal prosecution.


Davis v. Washington, ___ U.S. ___, 126 S. Ct. 2266, 2273-74 (2006). 
2. Appellant also argues that his rights were violated under the Texas Constitution. 
Appellant has not identified any distinction between the analysis we apply under the
federal Confrontation Clause and the analysis we apply under the Texas Constitution. 
See Key v. State, 173 S.W.3d 72, 77 (Tex. App.--Tyler 2005, pet. ref'd). When an
appellant offers no reason for construing the Texas Constitution as conferring greater
protection in an area of law than the federal constitution, we will not address his state
constitutional argument. See Black v. State, 26 S.W.3d 895, 896 n.4 (Tex. Crim. App.
2000). This specifically applies when, as here, an appellant fails to point out any
meaningful distinctions between the Confrontation Clauses in the federal and Texas
Constitutions. See Lagrone v. State, 942 S.W.2d 602, 614 (Tex. Crim. App. 1997). 
Also, appellant cites no argument or authorities regarding how his rights under the
Texas Constitution were violated. See Tex. R. App. P. 38.1(h). Thus, appellant has
waived this complaint.
3. The State does not disagree that the admitted testimony was hearsay.
4. As a prerequisite to presenting a complaint for appellate review, the record must show
that: 


 (1) the complaint was made to the trial court by a timely request, objection, or motion
that:


 (A) stated the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware
of the complaint, unless the specific grounds were apparent from the
context[.]


Tex. R. App. P. 33.1(a)(1)(A).