COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-358-CR
 NO. 2-09-359-CR

 

 


 
 
 BECKY PLOWMAN FORSYTH A/K/A BECKY JO FORSYTH
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 355TH
 DISTRICT COURT OF HOOD
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction

 

          Following a jury verdict in the trial
court, Appellant Becky Plowman Forsyth a/k/a Becky Jo Forsyth (Forsyth), appeals
her convictions for possession of methamphetamine less than one gram[2] and for fraudulent
use or possession of identifying information.[3] The
trial court sentenced Forsyth to two years’ state jail confinement and assessed
a fine of $10,000 for each offense.  In
one issue, Forsyth argues that her Sixth Amendment right to confrontation was
violated when the trial court admitted certain portions of out-of-court video
testimony of her co-defendant husband.  We
will affirm.

II.  Background

          On the evening of October 15, 2008,
Granbury Police Officer Richard Branum responded to a dispatch regarding a
forged prescription at the CVS drug store in Granbury, Texas.  Branum stopped the truck described by the
dispatcher as it left the pharmacy window.  Forsyth and her husband, Johnny Leroy Forsyth
(Johnny), both exited the vehicle upon being stopped.  According to Branum, it was unusual for
occupants to immediately exit a vehicle in this manner, and Branum believed
they were attempting to distance themselves from the truck and its contents.  Branum stated that Forsyth appeared nervous
and “was visibly shaken.”  Both
individuals provided Branum with their Texas Offender Cards as identification.  Johnny gave Branum permission to search the
vehicle and Forsyth gave him permission to search her purse.

          Canine officer Jeremy Ballew and officer
Patrick Wiginton also arrived on the scene to assist Branum.  In the course of their investigation, the
officers located a small, clear bag containing what was later determined to be methamphetamine
in the front passenger-side floorboard.  The officers also found a container holding a
glass pipe and additional baggies, all of which contained methamphetamine
residue.  A $600 check from Tena Hatfield
made out to Johnny was wrapped around the contents of the container.  Inside Forsyth’s purse, officers found a
patient health care card in Hatfield’s name and a piece of paper with
Hatfield’s name and address, along with four other individuals’ names and birth
dates.  Also in Forsyth’s purse, officers
found a Social Security card, a Six Flags season pass, and a restaurant club
card all in the name of April Renee Ramsey.  Forsyth stated that she did not know any of
the individuals whose identification information and personal items were in her
possession.

          The State played the on-scene
videotape from the stop and subsequent investigation, to which Branum offered
commentary in response to the State’s questions.  Forsyth first objected to admission of the
videotape during a bench conference outside of the presence of the jury.  Before any witnesses were called to the stand,
the following colloquy took place:

[Defense counsel]:  And -- and, Your Honor, furthermore, there’s
-- there are also some things on the tape that is simply Johnny and the police
talking, and, you know, I -- I -- I don’t even know if that would fit under a
hearsay exception if it’s just the police either talking to each other or
talking to Johnny, I don’t think that that’s relevant or would fit under
exception to be admitted.  There’s --
there’s several incidents of that.

 

For instance, at
that time 21:07 --

 

[Trial
Judge]:  You[] excise[d] that out of
there?

 

[Prosecutor]:  Your Honor, I have not excised -- there -- there
 -- there is an investigation going
on, the defendant is right there as the investigation is going on, they’re
talking to both subjects throughout the tape, and -- and, no, I didn’t excise
anything of the audio of the investigation surrounding this particular offense,
I have not excised any of that.

 

[Defense
counsel]:  And -- and we’ll admit it’s a
very difficult thing, because there is a bunch of different things going
together, and it’s -- it’s hard to get a perfect video, but there’s just a lot
of things having to do with Johnny and the investigation of Johnny and things
that Johnny says. Johnny says, for instance, and I hate to use the language
here, but he quotes “Becky should take that shit.”  Well, you know, those are comments that don’t
need to be in the video, in my opinion. 
These -- these are hearsay and not under a -- an exception, and would
just be extraneous from -- from Johnny. 

 

[Prosecutor]:  Your Honor, with regard to the -- the contact
that he -- con- -- the statement that he’s talking about was a statement that
was heard by the defendant, and that when she later on in the video then responds
to and -- and makes statements herself, it -- it’s not hearsay, it’s purely
contextual with regard to how it all happened, the investigation and all the,
you know, throughout the tape.  We have
-- we have gone through meticulously to -- to take out anything that would
refer to any type of extraneous conduct, and I believe that -- that the tape
itself is purely contextual at this point, what has been submitted to the
defense and what we intend to introduce.

                             

. . . .

 

[Trial
Judge]:  All right.  I’ll overrule that objection, find those, the
statements to be contextual to the -- the events surrounding the charge and the
arrest here, and I will allow that.  All
right.

 

          Later, during Branum’s testimony, the
following exchange occurred:

[Prosecutor]:  Your Honor, I move to admit State’s Exhibit
Number 1 into evidence. 

 

[Defense
counsel]:  Your Honor, we’re going to
renew our prior objections based on Rules 403, 404, and hearsay.

 

[Trial
Judge]:  All right.  Those objections were previously overruled,
and that, again, overruled, and State’s 1 is admitted.

 

          Criminal investigator Richard Haught
testified that the $600 check written out to Johnny on Hatfield’s account was
in fact stolen.  Ramsey testified that
she and Forsyth were friends but that she did not give Forsyth permission to
possess any of her identifying information.  Texas Department of Public Safety forensic
scientist Herman Carrel testified that the residue in the baggies found in
Forsyth’s possession was methamphetamine and that each of the two samples
weighed 0.01 grams.  Ronda Russell,
Johnny’s cousin, testified that she loaned Johnny and Forsyth her truck
approximately three to four days before they were stopped in the vehicle.  Russell stated that she had previously seen
Forsyth in possession of the blue-and-white container that held the stolen
check, baggies of methamphetamine, and paraphernalia.  Russell further stated that it was possible
the baggies of methamphetamine were hers or someone else’s because she was
addicted to methamphetamine at that time and additionally loaned the truck out
to various other drug users.  The jury
returned a guilty verdict on both counts of Forsyth’s indictment.  This appeal followed.

III.  Discussion

In
a single issue, Forsyth complains that the admission of a non-testifying
co-defendant’s statement violated her confrontation rights under the Sixth
Amendment of the United States Constitution. 
Specifically, Forsyth argues that the trial court’s admission of the
police videotape, which contained certain statements by her husband, was a
violation of her Sixth Amendment right to confrontation and was harmful,
reversible error.  The State contends
that Forsyth failed to preserve error, if any, due to failure to object with
specificity and because Forsyth’s complaint on appeal does not comport with her
objections at trial.  We agree with the
State.

          To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.  Lugo v.
State, 299 S.W.3d 445, 449–50 (Tex. App.—Fort Worth 2009, pet. ref’d)
(citing Tex. R. App. P. 33.1(a)(1)); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App.
1998) (op. on reh'g), cert. denied,
526 U.S. 1070, 119 S. Ct. 1466, (1999)).  The objection must be specific so that the
trial court is aware of the complaint and has the opportunity to correct the
error, or the opposing party has an opportunity to remove the basis for
objection.  Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court's refusal to rule.  Lugo, 299 S.W.3d at 449–50 (citing Tex. R. App. P. 33.1(a)(2)); Mendez
v. State, 138 S.W.3d 334,
341 (Tex. Crim. App. 2004)).  Generally,
if an appellant fails to object at trial, if her objection is general and not
specific, or if she objects on different grounds, she forfeits her right to
appeal.  Tex. R. App. P. 33.1; Lugo, 299 S.W.3d at 450.  Even constitutional errors may be forfeited
by failure to object at trial.  Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995).  Without more, an
objection based on the rules of evidence does not preserve error on Confrontation
Clause grounds.  Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)
(reasoning that when a defendant’s objection encompasses complaints under both
the Texas Rules of Evidence and the Confrontation Clause, the objection is not
sufficiently specific to preserve error)  (citing Cantu
v. State, 939 S.W.2d 627, 634 (Tex. Crim. App. 1997)).

In
this case, Forsyth never objected on the basis of the Confrontation Clause at
trial.  Although Forsyth objected to the
admission of the taped statements on the bases of relevance, extraneous
conduct, and hearsay, none of these objections preserved Forsyth’s
Confrontation Clause complaint for appellate review.  Because these objections were based on the
Texas Rules of Evidence, Forsyth waived any alleged Sixth Amendment error.  See
Robinson v. State, 310 S.W.3d 574, 577 (Tex. App.—Fort Worth 2010, no pet.)
(citing Reyna, 168 S.W.3d at 179–80); Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App.
2004) (overruling the appellant's constitutional Confrontation Clause points
because he did not preserve error related to the Confrontation Clause at
trial); Campos v. State, 186 S.W.3d 93, 98 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (explaining that the “right of confrontation is vital to
an ordered criminal justice system, but it is nonetheless a trial right, and a
defendant waives his right to confront witnesses if he does not object at
trial”); Courson v. State, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth
2005, no pet.)).

Accordingly,
we overrule Forsyth’s sole issue and affirm the trial court’s judgments.

 

 

 

 

 

                                                                   BILL
MEIER

                                                                   JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2010











[1]See Tex. R. App. P. 47.4.





[2]
Tex. Health & Safety Code Ann. § 481.115
(Vernon 2010).





[3]
Tex. Penal Code Ann. § 32.51
(Vernon Supp. 2009).