Opinion issued May 19,
2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00347-CR

————————————

ASHLEY
NICOLE WILLIAMS, Appellant

V.

The State of Texas,
Appellee



 



 

On Appeal from the 21st District
Court

Washington
County, Texas



Trial Court Cause No.
14,978

 



 

 

MEMORANDUM OPINION

          Appellant Ashley Nicole Williams
appeals a judgment convicting her for aggravated robbery.  See Tex. Penal Code Ann. §
29.03 (West 2003).  Williams pleaded
guilty, and the trial court assessed her punishment at 20 years in prison.  She contends that the trial court violated
her constitutional rights by considering ex parte communications in assessing
her punishment.  We conclude that because
Williams failed to timely object in the trial court, she failed to preserve
this issue for appeal.  We affirm.

          Williams
robbed a bank by brandishing a knife. 
She was arrested, and a grand jury subsequently indicated her for
aggravated robbery, a first-degree felony punishable by imprisonment for 5 to
99 years or life and a fine not to exceed $10,000.  Williams requested that she be released
pending trial so that she could take care of her grandmother and younger sister.  The trial court released her on the condition
that she stay at home to provide care and that she leave only if her
grandmother needed her to do so.  

          Two
weeks later, Williams pleaded guilty without having entered into any agreement
as to punishment.  The trial court ordered
the preparation of a presentence investigation report and scheduled a
punishment hearing.  Concerning the
question of whether Williams could obtain a job in the interim, the trial court
admonished her that the conditions of her release remained the same.  Two weeks after pleading guilty, Williams was
arrested for allegedly violating the conditions of her bond.

          Before
announcing its assessment of punishment at the sentencing hearing, the trial
court read from a number of letters that had been included in the presentence
investigation report.  The court then
addressed Williams as follows:

[W]hile
I would like to trust you and think that you would be a good probationer, I
must tell you—and I don’t want to hear your excuses—when I gave you that chance
that your sweet grandma asked me for, you blew it off.

          You weren’t doing what you were
supposed to do.  I don’t care what you
tell me.  What I’ve been told and what I learned is that you were doing just
basically whatever you wanted.  You may
have done a few good deeds while you were out, but you certainly did not do
what you told me you needed to do when you stood here tearfully asking me to
let you out with your grandma.  You
didn’t do it.

          You’re not a good candidate for
probation.  You’re not going to be successful.  I’m going to give mercy.  So instead of 50 years, I’m going to sentence
you to 20.

(Emphasis
supplied.)  Williams made no objection at
the sentencing hearing relating to the trial court’s consideration of
information contained in the presentence investigation report or
obtained by the trial court from other sources, if any.

          Following sentencing, Williams’s
counsel untimely filed a notice of appeal, which this Court dismissed for lack
for jurisdiction.  Williams v. State, No. 01-08-00815-CR, 2009 WL 214336, at *1 (Tex. App.—Houston [1st Dist.] Jan. 29,
2009, no pet.) (mem. op., not designated for publication).  Williams then filed a
writ of habeas corpus, contending that her counsel rendered ineffective
assistance by failing to timely file a notice of appeal.  Ex parte Williams, No. AP-76,315, 2010 WL
975319, at *1 (Tex. Crim. App. Mar. 17, 2010) (not designated for
publication).  The
Texas Court of Criminal Appeals granted Williams the right to file an
out-of-time appeal, see id., and she
timely filed a notice of out-of-time appeal to this Court.

          Williams
contends that the trial court erred by considering ex parte communications in
assessing her punishment, thus violating her right to confront the witnesses
against her, guaranteed by the Sixth Amendment to the United States
Constitution and by article one, section ten of the Texas Constitution and denying
her right to due process, guaranteed by the Fourteenth Amendment to the United
States Constitution.  See U.S.
Const. amend. VI, XIV; Tex. Const.
art. I, § 10.  Contrary
to the State’s interpretation of her issues on appeal, Williams does not
complain of the trial court’s reliance on any information contained in the presentence
investigation report.  Rather, she infers
the existence of one or more unspecified ex parte communications from the trial
court’s statement:  “What I’ve been told and what I learned is that you were doing just
basically whatever you wanted [while released on bond].”  (Emphasis supplied.)  Williams nevertheless concedes that “it
cannot be determined from the record the exact source of the information
conveyed to the [trial] Court, whether it was a law enforcement officer,
probation officer or some other court appointee . . . .”

          The occurrence
of ex parte communication is not the only meaning—or even the most reasonable
one—that could be drawn from the trial court’s statement now challenged on
appeal.  The reference to what the judge
had “been told” and “learned” could have been, and most likely was, a reference
to the contents of the presentence investigation report.  But even if we assumed that the trial court’s
statement indicates the existence of an ex parte communication, we nevertheless
conclude that Williams failed to preserve any error by failing to object at
trial.  To preserve an error for
appellate review, an appellant must object and obtain an adverse ruling.  Tex.
R. App. P. 33.1(a); Benson v. State, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.]
2007, no pet.).  Failure to preserve
error waives review of that error on appeal. 
Tex. R. App. P. 33.1(a); Benson, 224 S.W.3d at 498.  The preservation-of-error requirement applies
even as to errors premised on the Confrontation Clause and the Due Process Clause.  Anderson
v. State, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); Campos v. State, 186 S.W.3d 93, 98 (Tex.
App.—Houston [1st Dist.] 2005, no pet.); see
also Routier v. State, 112 S.W.3d
554, 586 (Tex. Crim. App. 2003) (defendant’s failure to preserve
for appellate review claim that trial court violated her rights by engaging in
unrecorded ex parte communication waived review of error on appeal).

          We
affirm the judgment.

 

                                                                   

 

                                                                   Michael
Massengale

                                                                   Justice

 

Panel consists of
Justices Keyes, Higley, and Massengale.

 

Do not publish.  Tex.
R. App. P. 47.2(b).