**Opinion issued July 16, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————————

## NO. 01-12-00694-CR

———————————————————

## WILLIAM DOUGLAS LAW, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1354133**

---

## MEMORANDUM OPINION

William Law appeals a judgment convicting him of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). A jury found Law guilty and assessed his punishment at twenty-eight years' confinement. In one issue on

appeal, Law contends the trial court erred in admitting a witness's statement that the complainant told the witness, "I just got stabbed." We modify the trial court's judgment to reflect that Law pleaded not true to the enhancement paragraphs and that the jury found the enhancement paragraphs to be true, and affirm the judgment as modified.

## Background

Law entered an H-E-B Grocery Store on November 5, 2011. He walked to the wine department, where the store's director, Michael West, and grocery manager, Eric McIntyre, saw him take and conceal a bottle of champagne. West asked Law to return the bottle. Law denied having the bottle. West pulled the bottle from Law's pants, and Law drew a knife. Law then chased West to the back of the store, and McIntyre called 911 on his cell phone. While McIntyre was on the phone with the police, Law returned from the back of the store. Law chased McIntyre to the parking lot, stabbed McIntyre in the back, and hid in a nearby bayou. McIntyre's 911-call recorded the attack.

At trial, Delores Segura, an H-E-B cashier, testified that she followed McIntyre to the parking lot. She asked McIntyre what had happened, and McIntyre told her, "I just got stabbed." Law objected to McIntyre's statement as hearsay. The trial court overruled his objection. Law appealed.

**Analysis**

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

Hearsay statements are generally not admissible unless they fall within a recognized exception to the hearsay rule, such as the excited utterance exception. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). "The basis for the excited utterance exception is 'a psychological one, namely, the fact that when a man is in the instant grip of violent emotion, excitement or pain, he ordinarily loses the capacity for *reflection* necessary to the fabrication of a falsehood and the truth will come out.'" *Zuliani*, 97 S.W.3d at 595 (quoting *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972)) (emphasis in original).

In determining whether a statement is an excited utterance, Texas courts have considered the passage of time between the event and the statement and whether the statement is a response to a question. *See, e.g.*, *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). Neither consideration is dispositive. *Id.*

3

Instead, "[t]he critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, fear, excitement, or pain of the event at the time of the statement." *Campos v. State*, 186 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Zuliani*, 97 S.W.3d at 596).

Here, McIntyre made the statement—"I just got stabbed"—shortly after the attack, while he was still in the store's parking lot. McIntyre testified that he feared for his life throughout the attack and was "in a very excited state of mind." Segura likewise testified that McIntyre appeared scared when he made the statement. Although McIntyre's statement was a response to Segura's question, nothing suggests that it was a calculated response. On the contrary, the audio recording of McIntyre's 911-call corroborates the testimony that McIntyre was still dominated by the emotions, excitement, fear, or pain of the stabbing at the time he made the statement to Segura. Thus, we conclude that McIntyre's statement qualifies as an excited utterance. Accordingly, we hold the trial court did not abuse its discretion in overruling Law's hearsay objection. *See Campos*, 186 S.W.3d at 99–100 (holding trial court did not abuse its discretion by admitting officer's testimony regarding complainant's excited utterance—that she had been robbed—even though statements were in response to police questioning, because

4

complainant made statements shortly after robbery, when she was "still dominated by the emotions of the event").

We overrule Law's sole issue.

**Judgment Modification**

In its brief, the State asks us to correct clerical errors in the trial court's judgment. We have authority to modify a trial court's incorrect judgment when the necessary data and evidence appears in the record. *Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); s*ee also* TEX. R. APP. P. 43.2(b). The judgment states that Law did not enter a plea to the enhancement paragraphs, but the record reflects that Law pleaded not true. The judgment also states that the jury made no findings with respect to the enhancement paragraphs, but the record reflects that the jury found the enhancements to be true. We conclude that we have the necessary data and evidence to correct the judgment. Accordingly, we modify the judgment to reflect that Law pleaded not true to the enhancement paragraphs and that the jury found the enhancement paragraphs to be true.

**Conclusion**

We modify the trial court's judgment to reflect that Law pleaded not true to the enhancement paragraphs and that the jury found the enhancement paragraphs to be true. We affirm the judgment as modified.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).