**Opinion issued December 18, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00711-CR

————————————

**RAUDEL ALVAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1556876**

---

## MEMORANDUM OPINION

The State charged Appellant, Raudel Alvarez, with attempted aggravated kidnapping.[1]  Appellant pleaded not guilty.  The jury found him guilty, and the trial court assessed punishment at 55 years' confinement.  In two issues on appeal,

---

[1]    *See* TEX. PENAL CODE §§ 15.01(a)–(b), 20.04(a)–(b).

Appellant argues the trial court abused its discretion by overruling two of his hearsay objections.

We affirm.

## Background

Roxanne Hernandez was at work at a store on August 18, 2016. Appellant, her then husband, came to the store, began cursing at her, and told her to come outside. Appellant raised his shirt and pulled out a gun. Hernandez attempted to close an interior door on Appellant. He then punched her in the face, and she fell to the ground. Appellant dragged Hernandez by the hair to the front of store. Appellant kicked her in the face, and she lost consciousness. Appellant then fled the store.

Hernandez's supervisor called 911. As the EMTs were arriving, Hernandez told her supervisor, "I'm so sorry, Micah. He had a gun."

When the EMTs arrived, Hernandez had significant injuries to her face. Both her eyes and mouth were swollen, and she was bleeding. The responding EMTs made a note of Hernandez's condition and her statement that Appellant "had a gun with him but did not hit her with it."

At trial, the State presented the testimony of Hernandez's supervisor. The supervisor testified about Hernandez telling him that Appellant had a gun. He also described the surveillance video that was shown to the jury. He testified that the video showed Appellant pulling a gun out of his pants.

2

The State also moved to admit the EMT report into the record. Appellant objected on the basis that it contained Hernandez's statement about Appellant having a gun. The trial court overruled the objection.

Additionally, the State presented the testimony of the officer that investigated the offense, Officer Polk. The State asked Polk if he learned during the investigation that Appellant might be armed, and Polk said he did. Appellant objected, and the trial court overruled the objection.

**Standard of Review**

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *see also Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) ("The admissibility of an out-of-court statement under the exceptions to the general hearsay exclusion rule is within the trial court's discretion."). A trial court has broad discretion in determining whether evidence is admissible as an exception to the hearsay rule. *See Zuliani*, 97 S.W.3d at 595; *Apolinar v. State*, 106 S.W.3d 407, 416 (Tex. App.—Houston [1st Dist.] 2003) *aff'd*, 155 S.W.3d 184 (Tex. Crim. App. 2005). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to exclude evidence, we will not reverse the ruling unless it falls outside the "zone

of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996) (internal quotations omitted). And we will uphold a trial court's evidentiary ruling if it is correct on any theory of law applicable to the ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## Analysis

Appellant's issues on appeal concern the trial court's overruling two of his hearsay objections. Both objections concerned testimony about Appellant possessing a gun during the offense.

## A.    Error

Appellant's first issue concerns the unredacted admission of the EMT report. One passage in the report provided, "[Patient] stated [Appellant] had a gun with him but did not hit her with it." Appellant objected to this passage being included in the exhibit provided to the jurors based on hearsay. The trial court overruled the objection.

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is generally not admissible unless it fits into one of the exceptions provided by the Texas Rules of Evidence or other rule or statute. *See* TEX. R. EVID. 802.

4

One exception to the hearsay rule is an "excited utterance," which is defined as a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." TEX. R. EVID. 803(2). "In determining whether a hearsay statement is admissible as an excited utterance, the court may consider the time elapsed and whether the statement was in response to a question." *Zuliani*, 97 S.W.3d at 595. However, the "critical determination is 'whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event' or condition at the time of the statement." *Id.* at 596 (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994)).

Appellant surprised Hernandez at work, kicked her, dragged her through the office, assaulted her with his fists, and caused her to lose consciousness. Hernandez's supervisor immediately called 911. The record reflects that the EMT arrived within 10 minutes of the dispatch. Hernandez testified that she was in shock, scared, and worried when the EMT arrived. She testified that she could not "remember speaking to the EM[T]" and that she only "remember[ed] being scared because [she] couldn't see."

We hold that Hernandez's out-of-court statements were admissible under the excited utterance exception to the hearsay rule. *See Campos v. State*, 186 S.W.3d 93, 99–100 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding complainant's

5

statements to police officers, made 43 minutes after robbery, were admissible under excited utterance exception when statements were made in response to questioning and officers testified that complainant was crying, upset, and frightened).

We overrule Appellant's first issue.

Appellant's second issue concerns testimony from the investigating officer. Officer Polk testified that he met the complainant at the hospital. During this portion of the testimony, the following exchange occurred:

> Q: So in the course of your investigation, did you learn that the suspect may be armed?
>
> A: Yes, sir.
>
> [Appellant's Counsel]: Your Honor, I'm sorry. I have to re-urge the objection. That is back-door hearsay.
>
> THE COURT: Overruled.

We do not need to reach whether the trial court abused its discretion by overruling this objection because, even if it did, the error was harmless.

## B.  Harm

The erroneous admission of a hearsay statement is non-constitutional error; it entitles the defendant to reversal only if it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Coleman v. State*, 428 S.W.3d 151, 162 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). A defendant's substantial rights are affected if the hearsay's admission has "a substantial or injurious effect in determining the

6

verdict." *Coleman*, 428 S.W.3d at 162. "We do not overturn a conviction if, after examining the record as a whole, we have fair assurance that the error did not influence the verdict or had but a slight effect." *Id.* "The erroneous admission of hearsay does not constitute reversible error 'if other evidence proving the same fact is properly admitted elsewhere.'" *Lamerand v. State*, 540 S.W.3d 252, 256–57 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (quoting *Infante v. State*, 404 S.W.3d 656, 663 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

We have already held that it was not error for the trial court to admit the statement about Appellant having a gun in the EMT report. In addition, Hernandez's supervisor testified that Hernandez said to him after the attack, "I'm so sorry, Micah. He had a gun." No objection was raised for this testimony. Later, the supervisor provided some details on the surveillance video presented to the jury without objection.

Q:     Did you see the defendant with the gun on the video?

A:     Yes.

Q:     When was that?

A:     . . . Mr. Alvarez approached the door and opened it and . . . he stepped back and pulls up his tank top and pulls out the gun.

Because testimony that Appellant had a gun during the offense was properly admitted multiple times in the record, any error regarding the officer's testimony is harmless. *See Lamerand*, 540 S.W.3d at 256–57.

7

We overrule Appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).