

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-358-CR**
**NO. 2-09-359-CR**

BECKY PLOWMAN
FORSYTH A/K/A BECKY
JO FORSYTH

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

# MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Following a jury verdict in the trial court, Appellant Becky Plowman Forsyth a/k/a Becky Jo Forsyth (Forsyth), appeals her convictions for possession of

---

[1]*See* Tex. R. App. P. 47.4.

methamphetamine less than one gram[2] and for fraudulent use or possession of identifying information.[3] The trial court sentenced Forsyth to two years' state jail confinement and assessed a fine of $10,000 for each offense. In one issue, Forsyth argues that her Sixth Amendment right to confrontation was violated when the trial court admitted certain portions of out-of-court video testimony of her co-defendant husband. We will affirm.

## II. BACKGROUND

On the evening of October 15, 2008, Granbury Police Officer Richard Branum responded to a dispatch regarding a forged prescription at the CVS drug store in Granbury, Texas. Branum stopped the truck described by the dispatcher as it left the pharmacy window. Forsyth and her husband, Johnny Leroy Forsyth (Johnny), both exited the vehicle upon being stopped. According to Branum, it was unusual for occupants to immediately exit a vehicle in this manner, and Branum believed they were attempting to distance themselves from the truck and its contents. Branum stated that Forsyth appeared nervous and "was visibly shaken." Both individuals provided Branum with their Texas Offender Cards as identification. Johnny gave Branum permission to search the vehicle and Forsyth gave him permission to search her purse.

---

[2] Tex. Health & Safety Code Ann. § 481.115 (Vernon 2010).

[3] Tex. Penal Code Ann. § 32.51 (Vernon Supp. 2009).

Canine officer Jeremy Ballew and officer Patrick Wiginton also arrived on the scene to assist Branum. In the course of their investigation, the officers located a small, clear bag containing what was later determined to be methamphetamine in the front passenger-side floorboard. The officers also found a container holding a glass pipe and additional baggies, all of which contained methamphetamine residue. A $600 check from Tena Hatfield made out to Johnny was wrapped around the contents of the container. Inside Forsyth's purse, officers found a patient health care card in Hatfield's name and a piece of paper with Hatfield's name and address, along with four other individuals' names and birth dates. Also in Forsyth's purse, officers found a Social Security card, a Six Flags season pass, and a restaurant club card all in the name of April Renee Ramsey. Forsyth stated that she did not know any of the individuals whose identification information and personal items were in her possession.

The State played the on-scene videotape from the stop and subsequent investigation, to which Branum offered commentary in response to the State's questions. Forsyth first objected to admission of the videotape during a bench conference outside of the presence of the jury. Before any witnesses were called to the stand, the following colloquy took place:

> [Defense counsel]: And -- and, Your Honor, furthermore, there's -- there are also some things on the tape that is simply Johnny and the police talking, and, you know, I -- I -- I don't even know if that would fit under a hearsay exception if it's just the police either talking to each other or talking to Johnny, I

3

don't think that that's relevant or would fit under exception to be admitted.  There's -- there's several incidents of that.

For instance, at that time 21:07 --

[Trial Judge]:  You[] excise[d] that out of there?

[Prosecutor]:  Your Honor, I have not excised -- there -- there -- there is an investigation going on, the defendant is right there as the investigation is going on, they're talking to both subjects throughout the tape, and -- and, no, I didn't excise anything of the audio of the investigation surrounding this particular offense, I have not excised any of that.

[Defense counsel]:  And -- and we'll admit it's a very difficult thing, because there is a bunch of different things going together, and it's -- it's hard to get a perfect video, but there's just a lot of things having to do with Johnny and the investigation of Johnny and things that Johnny says. Johnny says, for instance, and I hate to use the language here, but he quotes "Becky should take that shit."  Well, you know, those are comments that don't need to be in the video, in my opinion.  These -- these are hearsay and not under a -- an exception, and would just be extraneous from -- from Johnny.

[Prosecutor]:  Your Honor, with regard to the -- the contact that he -- con- -- the statement that he's talking about was a statement that was heard by the defendant, and that when she later on in the video then responds to and -- and makes statements herself, it -- it's not hearsay, it's purely contextual with regard to how it all happened, the investigation and all the, you know, throughout the tape.  We have -- we have gone through meticulously to -- to take out anything that would refer to any type of extraneous conduct, and I believe that -- that the tape itself is purely contextual at this point, what has been submitted to the defense and what we intend to introduce.

. . . .

[Trial Judge]:  All right.  I'll overrule that objection, find those, the statements to be contextual to the -- the events surrounding the charge and the arrest here, and I will allow that.  All right.

4

Later, during Branum's testimony, the following exchange occurred:

> [Prosecutor]: Your Honor, I move to admit State's Exhibit Number 1 into evidence.
>
> [Defense counsel]: Your Honor, we're going to renew our prior objections based on Rules 403, 404, and hearsay.
>
> [Trial Judge]: All right. Those objections were previously overruled, and that, again, overruled, and State's 1 is admitted.

Criminal investigator Richard Haught testified that the $600 check written out to Johnny on Hatfield's account was in fact stolen. Ramsey testified that she and Forsyth were friends but that she did not give Forsyth permission to possess any of her identifying information. Texas Department of Public Safety forensic scientist Herman Carrel testified that the residue in the baggies found in Forsyth's possession was methamphetamine and that each of the two samples weighed 0.01 grams. Ronda Russell, Johnny's cousin, testified that she loaned Johnny and Forsyth her truck approximately three to four days before they were stopped in the vehicle. Russell stated that she had previously seen Forsyth in possession of the blue-and-white container that held the stolen check, baggies of methamphetamine, and paraphernalia. Russell further stated that it was possible the baggies of methamphetamine were hers or someone else's because she was addicted to methamphetamine at that time and additionally loaned the truck out to various other drug users. The jury returned a guilty verdict on both counts of Forsyth's indictment. This appeal followed.

5

## III. DISCUSSION

In a single issue, Forsyth complains that the admission of a non-testifying co-defendant's statement violated her confrontation rights under the Sixth Amendment of the United States Constitution. Specifically, Forsyth argues that the trial court's admission of the police videotape, which contained certain statements by her husband, was a violation of her Sixth Amendment right to confrontation and was harmful, reversible error. The State contends that Forsyth failed to preserve error, if any, due to failure to object with specificity and because Forsyth's complaint on appeal does not comport with her objections at trial. We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. *Lugo v. State*, 299 S.W.3d 445, 449–50 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing Tex. R. App. P. 33.1(a)(1)); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S. Ct. 1466, (1999)). The objection must be specific so that the trial court is aware of the complaint and has the opportunity to correct the error, or the opposing party has an opportunity to remove the basis for objection. *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. *Lugo*,

6

299 S.W.3d at 449–50 (citing Tex. R. App. P. 33.1(a)(2)); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004)). Generally, if an appellant fails to object at trial, if her objection is general and not specific, or if she objects on different grounds, she forfeits her right to appeal. Tex. R. App. P. 33.1; *Lugo*, 299 S.W.3d at 450. Even constitutional errors may be forfeited by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Without more, an objection based on the rules of evidence does not preserve error on Confrontation Clause grounds. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (reasoning that when a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error) (citing *Cantu v. State*, 939 S.W.2d 627, 634 (Tex. Crim. App. 1997)).

In this case, Forsyth never objected on the basis of the Confrontation Clause at trial. Although Forsyth objected to the admission of the taped statements on the bases of relevance, extraneous conduct, and hearsay, none of these objections preserved Forsyth's Confrontation Clause complaint for appellate review. Because these objections were based on the Texas Rules of Evidence, Forsyth waived any alleged Sixth Amendment error. *See Robinson v. State*, 310 S.W.3d 574, 577 (Tex. App.—Fort Worth 2010, no pet.) (citing *Reyna*, 168 S.W.3d at 179–80); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (overruling the appellant's constitutional Confrontation Clause points because he did not preserve error related to the Confrontation Clause at trial);

7

*Campos v. State,* 186 S.W.3d 93, 98 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (explaining that the "right of confrontation is vital to an ordered criminal justice system, but it is nonetheless a trial right, and a defendant waives his right to confront witnesses if he does not object at trial"); *Courson v. State,* 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.)).

Accordingly, we overrule Forsyth's sole issue and affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2010