

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-11-00084-CR

———————————————

MICHELLE LEIGH WHORTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 11340

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After a jury found Michelle Leigh Whorton guilty of DWI, she was sentenced to serve 180 days in county jail and was ordered to pay a $2,000.00 fine. This sentence was suspended, and Whorton was placed on community supervision for a period of two years. Whorton appeals her misdemeanor DWI conviction on the grounds that it is supported by insufficient evidence, and because the trial court allegedly violated her right to be confronted with the witnesses against her. We affirm the trial court's judgment because sufficient evidence supports the DWI conviction, and Whorton did not preserve the confrontation clause point of error.

## I. Sufficient Evidence Supports the Judgment

### A. Standard of Review

In evaluating the legal sufficiency of the evidence supporting Whorton's DWI conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of DWI beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in

2

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); *see also Vega v. State*, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008). Under the hypothetically correct jury charge, Whorton committed the offense of DWI if (1) she (2) operated (3) a motor vehicle (4) in a public place (5) while intoxicated. TEX. PENAL CODE ANN. § 49.04 (West Supp. 2011). Whorton challenges the second and fifth elements. She also complains that "no testimony was given which would place [her] driving erratically in Franklin, County, Texas."

### B. Venue Is Presumed

Whorton argues that the State failed to prove the charged offense occurred in Franklin County. Venue is not an element of the offense. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd). Thus, venue must be proved by only a preponderance of the evidence and is not required to be proved beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2005); *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003). Typically, when reviewing venue, we view all of the evidence in the light most favorable to an affirmative venue

3

finding and ask whether any rational trier of fact could have found by a preponderance of the evidence that venue was proved. *Vanschoyck v. State*, 189 S.W.3d 333, 336 (Tex. App.—Texarkana 2006, pet. ref'd).

However, under Rule 44.2 of the Texas Rules of Appellate Procedure, we presume venue has been proven in the trial court unless either the record affirmatively shows otherwise or if venue was disputed in the trial court. TEX. R. APP. P. 44.2(c)(1). A plea of "not guilty" is not sufficient to dispute venue in the trial court. *Holdridge v. State*, 707 S.W.2d 18, 20–21 (Tex. Crim. App. 1986). Our review of the record revealed no challenge to venue made by Whorton. Therefore, the issue is presumed proven at trial unless the record affirmatively shows otherwise. TEX. R. APP. P. 44.2(c)(1).

Here, John Stuart Richey testified he was driving toward Franklin County on Highway 67 when he noticed a small silver Dodge passenger car occupied by one person "erratically pulling out of an establishment." While Richey saw the Franklin County sign, he did not follow the vehicle into Franklin County. Officer Teresa Stinson testified she found a vehicle that matched the description of the "reckless-driver call" inside Franklin County. Trooper Dwayne Eugene Smith "received a call . . . that there was an erratic driver coming into Franklin County or in Franklin County." Whorton was arrested inside of Franklin County.

Venue for DWI lies in the county where the offense occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 13.18 (West 2005). If the offense occurred in more than one county, venue lies in

4

any county where a portion of the offense occurred. *See Wood v. State*, 573 S.W.2d 207, 210-11 (Tex. Crim. App. [Panel Op.] 1978). If the offense occurred on the boundary of two counties or within 400 yards of the boundary, the offense may be prosecuted in either county. *See* TEX. CODE CRIM. PROC. ANN. art. 13.04 (West 2005). The evidence does not affirmatively show that the offense occurred outside of Franklin County. Therefore, the presumption that venue has been proven carries. We overrule this point of error.

### C. Testimony Was Sufficient to Show Whorton Operated a Car While Intoxicated

We find the evidence sufficient to demonstrate that Whorton was intoxicated and was operating a vehicle. Richey, a concerned motorist, testified that he saw the Dodge "spe[e]d up, and that's when everything started getting a little worse, going all over the road." He watched the car pull over and get "back on the highway where I could make an approach on it." He remembered that another vehicle "had to swerve to" evade the erratically driven Dodge. Richey testified his wife called the police. While he could not specifically identify the driver of the Dodge, Richey observed that the driver was a Caucasian female.

Stinson testified Whorton's car "was parked on the side of the road, flashers on." Whorton told Stinson that "her car was messing up on her." Whorton admitted to Smith, the arresting officer, that she had been driving the vehicle, but again stated she was having car trouble. Smith testified, "I noticed that her speech seemed slurred and thick-tongued while I was speaking

5

with her. Also, while she was sitting in the passenger seat, I really focused in on her eyes. And I noticed that her pupils were extremely constricted."

Whorton first denied, but later admitted, that she had ingested medication. Smith conducted a horizontal gaze nystagmus test, which resulted in the presence of two out of six clues of intoxication. The vertical gaze nystagmus test, which is "only seen in a subject that . . . has a high amount or a high dose for that particular individual, whether it's alcohol or drugs," was "positive." Smith recovered the hydrocodone from Whorton's car. In the video recording of the arrest, Whorton asked the officer to locate her cell phone, even though it was in her pocket. She was arrested for DWI. On the way to the jail, she admitted she had also "taken an alprazolam which is a C.N.S. depressant, benzodiazepine," and "some unknown pill" on the day of her arrest, and a muscle relaxer the night before.

Whorton underwent further field sobriety testing after her transport to jail. Re-administration of the horizontal gaze nystagmus test revealed "all six clues" of intoxication. She was only able to complete "seventeen seconds on one foot" and "eighteen seconds on the other foot" when asked to perform the thirty-second one-legged stand test. Smith "visually observed her legs having leg tremors as she stood there." Whorton did not perform well on the walk-and-turn test as she "lean[ed] off to the side," "raised her arms more than twelve inches from her side, trying to maintain her balance[,] . . . couldn't keep balance during the instructions, . . . [a]nd she turned in an improper manner." Smith noticed Whorton "ha[d] a

6

one-inch circular sway." Also, Whorton "could not touch the tip of her nose" during the finger-to-nose test. Smith testified that she was intoxicated and did not have the use of her mental and physical faculties.

Whorton's employer testified he "notice[d] that something was wrong" with Whorton on the day of her arrest. He observed her slurring her speech at work. He testified she was fired that day because it appeared "the situation had gotten worse which my thought was that there was, probably, something else taken to make it worse."

Richey saw a small silver Dodge driven erratically by a single Caucasian female on highway 67. Stinson received the concerned citizen phone call and located a car compatible with the vehicle and driver description in the general area. Smith arrived, conducted field sobriety testing, and concluded that Whorton was intoxicated. She admitted to driving the vehicle and ingesting several medications, which Smith believed had impaired her mental and physical faculties. This evidence was sufficient for a rational jury to find the elements of DWI beyond a reasonable doubt.

However, Whorton testified during the guilt/innocence phase that her driving may have appeared erratic because she was experiencing car trouble, that she was not intoxicated, and that the vehicle was repaired after her arrest. As the sole judge of credibility, the jury was free to discount Whorton's testimony.[1] We find the evidence sufficient and overrule this point of error.

---

[1]Whorton also attempts to challenge the "discrepancy of the chronology and timing" in her employer's testimony. These were matters for the jury to resolve.

7

## II. Confrontation Clause Issue Was Not Preserved

"In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. CONST. amend. VI; *see also* TEX. CONST. art. I, § 10. The admission of a testimonial, out-of-court statement from a declarant who does not appear at trial violates the Confrontation Clause unless the declarant was unavailable to testify at trial and the defendant had a prior opportunity for cross-examination. *Davis v. Washington*, 547 U.S. 813, 821 (2006); *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Whorton complains that she was not allowed to confront the witnesses against her because Richey's wife, who made the concerned citizen phone call, did not testify at trial.

Preservation of error is a systemic requirement that this Court reviews on its own motion. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007). Preservation requirements apply to confrontation clause complaints. *See Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (overruling appellant's constitutional confrontation clause points because he did not preserve error related to Confrontation Clause at trial); *Toliver v. State*, 279 S.W.3d 391, 402 (Tex. App.—Texarkana 2009, pet. ref'd); *Campos v. State*, 186 S.W.3d 93, 98 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (explaining that "right of confrontation is vital to an ordered criminal justice system, but it is nonetheless a trial right, and a defendant waives his right to confront witnesses if he does not object at trial"); *Courson v. State*, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.).

8

Our review of the record reveals Whorton's failure to preserve her confrontation clause complaint. As such, Whorton did not meet the requirements of Texas Rule of Appellate Procedure 33.1, and her last point of error is overruled.[2]  *See* TEX. R. APP. P. 33.1.

## III.  Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:   December 5, 2011
Date Decided:    December 9, 2011

Do Not Publish

---

[2]We point out that Richey's wife, Charlotte, was not subpoenaed by Whorton's counsel.   Moreover, she was present in the courtroom during trial.