# NO. 12-12-00244-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUBEN RINCON,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury found Ruben Rincon guilty of the offenses of aggravated robbery and injury to the elderly with the intent to cause serious bodily injury. The jury assessed Appellant's punishment at imprisonment for life and a $10,000.00 fine on both counts. Appellant presents five issues, all asserting the ineffectiveness of his trial counsel. We affirm.

### BACKGROUND

On December 4, 2010, David Thomason was seventy-two years of age. After lunch that day, Thomason went to check on a property he owns in Cherokee County, Texas. He found the gate to the property open as well as the door to one of the storage buildings. Thomason saw what he believed were two Hispanic males on the property. One was in a car, and the other was just coming out of the storage building. The man in the car fired a handgun into the air. The other man shot Thomason three times. Thomason was dragged from his truck. The intruders drove both vehicles off the property, driving over Thomason's leg on the way out.

Although flat on his back, Thomason was still able to flag down a passing vehicle, one of whose occupants called 911. Thomason told the 911 operator that the assailants were in a small dark

red or maroon car and that two of the digits on the license plate were N and 4. Thomason's serious injuries included some paralysis of his arm and shoulder.

At the time of the offense, Rosenda Torres was Appellant's girlfriend, but, by the time of the trial, they were married. On the day of the offense, Appellant dropped Torres off at KFC where she worked and left driving her red Toyota Camry, license plate number BF4N347. Appellant returned to KFC after lunch that day.

A few days after the offense, Torres gave a statement to Detective Gina Battley of the Cherokee County Sheriff's Office. At trial, Torres testified regarding that statement, as follows:

> Q [by the State's attorney] : Didn't you tell them without any threats that Ruben had told you that he and his brother, Hugo, went cruising the back roads, they pulled into property, a truck pulled out–pulled up. Hugo got out and shot twice. Ruben got out and shot at it twice. Ruben threw him out of the truck and drove his truck back onto the property. They got into the maroon car, your car, and drove out. And as they drove out as they were leaving they ran over the man?
>
> A: With threats, yes, sir, I said that.
>
> Q: Isn't that what Ruben told you?
>
> A: Yes, sir, that's what he told me.
>
> Q: That's what Ruben told you?
>
> A: Yes, sir.
>
> . . . .
>
> Q: But Ruben did tell you that he and his brother had gone to someone's property, he shot the man, pulled him out of his truck, and on their way out they ran over him?
>
> A: Uh-huh.
>
> Q: Would you please-
>
> A: Oh, yes.

Thomason was unable to identify Appellant as one of the two men who confronted him. There were no other witnesses to the offense. Detective Battley testified that the sheriff's department was unable to obtain usable fingerprints or DNA. No guns or stolen property was ever recovered.

2

## INEFFECTIVE ASSISTANCE OF COUNSEL

In the five issues presented, Appellant claims he received ineffective assistance of counsel at trial.

### Applicable Law

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney, including an appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex. App.–Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

"The constitutional right to counsel does not mean errorless counsel." *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985).

> Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination.

*Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

### Admission of Audio Recording

Appellant's first four issues relate to the admission into evidence of the audio recording of

Torres's interview with Detective Battley in which Torres recited the incriminating statements Appellant had made to Torres admitting his commission of the offenses. Appellant complains that his counsel was ineffective in not raising a hearsay objection to the video. Appellant further contends his counsel was ineffective in not requesting that the jury be instructed that they could not consider the statements for the truth of the matters asserted, but only as evidence bearing on the credibility of Torres. Appellant further complains that his counsel was ineffective in not objecting to the extraneous offenses allegedly committed by Appellant that Torres mentioned in the video. Appellant also insists that his counsel should have requested an instruction limiting the jury's consideration of the extraneous offenses.

The State called Detective Battley for the purpose of introducing the incriminating statements Torres had told Battley that Appellant had made to her. At that time, Appellant's counsel raised a hearsay objection. This prompted a bench conference during which the State told the judge that it had a recording of the Battley-Torres interview. The trial court did not rule on Appellant's objection, and the State proceeded to introduce the audio recording. Appellant's counsel raised no further objection to its introduction.

In an affidavit filed with Appellant's motion for new trial, Appellant's trial counsel acknowledges that no trial strategy underlay his failure to object or his failure to request limiting instructions. However, even if we accept Appellant's contention that his counsel was derelict in the matters alleged, we do not believe there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Thomason described his assailant as a Latin American male in a small dark red or maroon car with a license plate number containing an N and a 4. Torres's car matched the description and partial license plate number given by Thomason. In her direct testimony, Torres testified that Appellant was driving her car at the time of the offense. Torres also testified that within two hours after the crime, Appellant told her he had shot a man, pulled his body from the car and threw it on the ground, and then ran over the body as he left the property. Appellant's admissions to Torres correspond exactly with the victim's version of events.

Appellant's extraneous offenses mentioned by Torres in the video–marijuana smoking, gang tattoos, and illegal entry into this country–were not of an inflammatory nature likely to influence the

4

result.   The State did not dwell on them nor were they mentioned in its closing argument.

Appellant has not shown a reasonable probability that, but for the alleged error of his trial counsel, the result of the proceeding would have been different.   *See id*.   Therefore, Appellant's issues one through four are overruled.

## 911 Call

In his fifth issue, Appellant maintains his counsel was ineffective for failing to object to the recording of Thomason's 911 call as hearsay.

The 911 call recording falls within three separate hearsay exceptions.   The victim's 911 call was made almost immediately after he was shot and was undoubtedly admissible as an excited utterance.   TEX. R. EVID. 803(2); *Campos v. State*, 186 S.W.3d 93, 99 (Tex. App.–Houston [1st Dist.] 2005, no pet.).   It was also admissible as a present sense impression since it was describing an event immediately after Thomason perceived it.   TEX. R. EVID. 803(1); *see also Reyes v. State*, 314 S.W.3d 74, 77 (Tex. App.–San Antonio 2010, no pet.).   Thomason's statements regarding his physical condition were also admissible under Texas Rule of Evidence 803(3).   In *Estrada v. State*, the court of criminal appeals held the trial court did not err in overruling the appellant's objection that a 911 call reporting a murder was inflammatory.   313 S.W.3d 274, 300 (Tex. Crim. App. 2010). The court held "that evidence such as this is admissible at the guilt phase to 'provide a framework within which the particulars of the State's evidence could be developed.'"   *Id*. (quoting *Webb v. State*, 760 S.W.2d 263, 276 (Tex. Crim. App. 1988)).

Trial counsel was not ineffective for failing to object to admissible evidence.   Appellant's fifth issue is overruled.


### DISPOSITION

The trial court's judgment is *affirmed*.

### BILL BASS
Justice


Opinion delivered September 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## SEPTEMBER 4, 2013

## NO. 12-12-00244-CR

**RUBEN RINCON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 2nd Judicial District Court

of Cherokee County, Texas. (Tr.Ct.No. 17974)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*