

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00041-CR
No. 02-23-00042-CR

———————————————

JOSE REVERON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1516573D, 1516574D

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. INTRODUCTION

A jury found Appellant Jose Orlando Reveron guilty of two counts of arson. *See* Tex. Penal Code Ann. § 28.02(a)(2).  In special issues in both cases, the jury found that Reveron had used two deadly weapons—(1) a combustible or flammable liquid or material and (2) fire.  The trial court sentenced Reveron to twenty years in prison for each offense; the sentences run concurrently.

On appeal, Reveron raises three points:

1. The sentence[s] assessed [are] grossly disproportionate to the offense[s] and therefore violate[] the Eighth Amendment prohibition on cruel and unusual punishment.

2. Appellant was unlawfully assessed duplicate court costs.

3. Appellant's right to confront the witnesses against him was violated when the trial court considered the PSI[1] at punishment.

We hold,

- Reveron did not preserve his first point;

- Reveron's second point has merit; and

- Reveron forfeited his third point.

We thus overrule Reveron's first and third points and sustain his second point.

---

[1]"PSI" refers to a presentence investigation report.

We further hold that the judgment in cause number 02-23-00041-CR contains clerical error. The judgment incorrectly reflects that that trial court found an enhancement paragraph true. There were no enhancement paragraphs.

Accordingly, in the judgment for cause number 02-23-00041-CR, we correct the clerical error to reflect that the portion of the judgment devoted to enhancement paragraphs was not applicable. And in cause number 02-23-00042-CR, we modify the judgment to delete the award of court costs and reimbursement fees. We affirm both judgments as modified.

## II. BACKGROUND

Reveron had a relationship with Heather Baldwin for several years that produced three children. Baldwin ended the relationship, moved out of their home, and took the couple's three children with her. Initially, Reveron was indifferent.

This indifference, however, changed when Baldwin sought custody orders. Reveron made overtures for a reconciliation, but Baldwin declined.

Thereafter, Baldwin began dating Luis Jiminez. Reveron was not indifferent to this development either. When he found out that Baldwin was dating Jiminez, he became "very upset." He proceeded to harass both Baldwin and Jiminez.

One night, at Jiminez's home, a ringing doorbell and bangs on the front door awakened one of Jiminez's daughters and her boyfriend, who was staying with her. After the boyfriend went to investigate, he discovered that the two cars parked in Jiminez's driveway were on fire.

3

The fire investigator determined that someone had intentionally set both cars on fire by using a flammable liquid that had been poured into the vehicles' cowling areas and then igniting it. The vehicles, which were parked close to the garage, posed an extreme danger to anyone sleeping inside the house.

The evidence consistently pointed at Reveron as the arsonist.[2] The fire investigator stated, "There were no other leads that led to anyone else." The investigator added, "The evidence only showed Jose Orlando Reveron is responsible for setting those fires."

Jiminez himself was not home the night of the offense. And the two cars that Reveron set ablaze belonged not to Jiminez but to his daughters.

## III.  DISCUSSION

### A.  Sentence

In his first point, Reveron argues that the two 20-year concurrent sentences assessed are grossly disproportionate to the offenses and therefore violate the Eighth Amendment prohibition on cruel and unusual punishment. Reveron did not preserve this complaint.

To preserve a complaint that a sentence is grossly disproportionate to the offense, the issue must be raised at the trial-court level. *Cahill v. State*, No. 02-22-00023-CR, 2022 WL 17172339, at *1 (Tex. App.—Fort Worth Nov. 23, 2022, pet.

---

[2]Because Reveron does not contest the sufficiency of the evidence, we will not prolong the discussion.

4

ref'd) (mem. op., not designated for publication); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). This can be accomplished by

- objecting at the punishment hearing,

- objecting when the sentence is pronounced, or

- raising the issue in a motion for new trial.

*Cahill*, 2022 WL 17172339, at *1; *Kim*, 283 S.W.3d at 475.

Reveron neither objected on Eighth Amendment grounds to his punishment when it was imposed nor filed a motion for new trial. He has thus failed to preserve his complaint for appeal. *See Cahill*, 2022 WL 17172339, at *1.

We overrule Reveron's first point.[3]

---

[3]Counsel has previously raised an argument complaining about the gross disproportionality of his client's punishment when the argument had not been preserved at sentencing or in a motion for new trial. *See Butler v. State*, No. 02-23-00007-CR, 2023 WL 5767320, at *1 (Tex. App.—Fort Worth Sept. 7, 2023, pet. ref'd) (mem. op., not designated for publication). In Reveron's brief, which counsel filed on September 29, 2023, counsel failed to address preservation and, necessarily, failed to attempt to distinguish *Butler*. We understand that Reveron might want to contest the length of his sentences and that counsel's duty is to zealously represent Reveron. *See In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding). We also recognize that drawing the line between an arguable contention and a frivolous one is not always easy. *See Alvarado v. State*, No. 02-19-00401-CR, 2021 WL 5132530, at *2 (Tex. App.—Fort Worth Nov. 4, 2021, pet. ref'd) (mem. op., not designated for publication). Nevertheless, a clearer line is counsel's duty of candor toward the tribunal. *See* Tex. Disciplinary R. Prof'l Conduct 3.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9).

**B. Costs**

In Reveron's second issue, he maintains that he was unlawfully assessed duplicate court costs. Because the two offenses were tried together, he asserts that costs should be assessed only once. *See* Tex. Code Crim. Proc. Ann. art. 102.073. The State agrees. We agree.

We sustain Reveron's second point and delete the court costs and reimbursement fees assessed in the judgment for cause number 02-23-00042-CR.

**C. PSI**

In Reveron's third point, he contends that his right to confront the witnesses against him was violated when the trial court considered the PSI at punishment. Reveron forfeited this complaint. And had he preserved it, it has no merit.

"The right of confrontation is vital to an ordered criminal justice system, but it is nonetheless a trial right, and a defendant waives his right to confront witnesses if he does not object at trial." *Campos v. State*, 186 S.W.3d 93, 98 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Reveron did not raise a confrontation objection at trial when the State asked the trial court to take judicial notice of the PSI. Just the opposite, he asserted that he had no objection.

Reveron asserts that he did not need to preserve his complaint because the law is so well-settled that an objection would have been futile. *See Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009). We have previously expressed reservations

about that precise argument. *See Sell v. State*, 488 S.W.3d 397, 398–99 (Tex. App.—

Fort Worth 2016, pet. ref'd).

In any event, "the court of criminal appeals has held that when a PSI is used in

a non-capital case in which the defendant has elected to have the trial court determine

sentencing, there is no violation of a defendant's Sixth Amendment right to

confrontation." *Id.* at 399 (citing *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App.

2010)). "That is precisely what occurred in this case . . . ." *Id.*

We overrule Reveron's third point.[4]

## D. Clerical Error

We have the power to correct clerical error and reform the trial court's

judgment "to make the record speak the truth" when we have the necessary

information to do so. *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993);

*Barner v. State*, No. 02-22-00043-CR, 2023 WL 164088, at *2 (Tex. App.—Fort Worth

Jan. 12, 2023, no pet.) (mem. op., not designated for publication).

The judgment in cause number 02-23-00041-CR incorrectly reflects that the

trial court "found true" the second enhancement paragraph. The indictments

contained no enhancement paragraphs. Accordingly, under the enhancement portion

---

[4]Counsel has raised this contention before. *See Orr v. State*, No. 02-18-00058-CR, 2019 WL 1285321, at *4 (Tex. App.—Fort Worth Mar. 21, 2019, pet. ref'd) (mem. op., not designated for publication). His brief does not disclose this contrary authority. Attorneys have a duty of candor toward the courts. Tex. Disciplinary R. Prof'l Conduct 3.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9).

of the judgment, we reform the judgment to delete the "found true" and, in its place, insert "N/A," i.e., not applicable.

## IV. CONCLUSION

We overruled Reveron's first and third points.

Having determined that the judgment in cause number 02-23-00041-CR (trial court cause number 1516573D) contains clerical error, we delete the "found true" recitation in the enhancement portion of the judgment; in its place, we insert "N/A." As modified, we affirm the judgment in cause number 02-23-00041-CR (trial court cause number 1516573D).

We sustained his second point. In cause number 02-23-00042-CR (trial court cause number 1516574D), we delete the $290 in court costs and the $65 in reimbursement fees from the judgment; in their places, we insert $0. As modified, we affirm the judgment in cause number 02-23-00042-CR (trial court cause number 1516574D).

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 7, 2023

8